IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DRAKE CARPENTER and ARACELIS GOTAY, ) | |
| ) | |
| Plaintiffs, ) | Case Number: 23-cv-17019 |
| ) | |
| v. ) | The Honorable Matthew Kennelly |
| ) | |
| THOMAS J. DART in his official capacity; ) | Magistrate Judge Sheila M. Finnegan |
| NICHOLAS SCOUFFAS, in his individual ) | |
| capacity, NICOLE PAGANI, in her individual ) | |
| capacity, and the COUNTY OF COOK, ILLINOIS, ) | |
| as indemnitor, ) | |
| ) | |
| Defendants. ) | JURY DEMANDED |

## JOINT INITIAL STATUS REPORT PER DKT. 8

NOW COMES DRAKE CARPENTER and ARACELIS GOTAY (Plaintiffs) by their undersigned counsel, Cass Thomas Casper, Esq., DISPARTI LAW GROUP, P.A., and THOMAS J. DART, in his official capacity as Sheriff of Cook County (the CCSO), and NICHOLAS SCOUFFAS (Scouffas), by their undersigned counsel, HINSHAW & CULBERTSON LLP, and state as follows for the Joint Initial Status Report (Dkt. 8).

**I.  Status Of Service On Defendants.**

Plaintiffs contend that all defendants have been served; however, only Defendants CCSO and Scouffas have appeared by counsel in this case and Defendants CCSO and Scouffas make no representation about whether other defendants have been properly served. Dkts. 7, 9, 12-13.

**II.  A Description Of Each Parties' Claims And Defenses.**

Plaintiffs have brought an eight-count complaint in the putative Second Amended Complaint (Dkt. 14-1). Plaintiffs were placed on administrative leave without pay on March 25, 2022 in a CCSO Memorandum from Defendant Scouffas, and Plaintiffs allege that they were given no process or information prior to placement on administrative leave. Plaintiffs have remained in such

status ever since, which is nearing two years in March 2024. Plaintiffs also claim that they were arrested on or about March 23, 2022 (Carpenter) and March 25, 2022 (Gotay) by Defendant Pagani without being read their rights when they were notified to come to the Executive Director's Office in Building 5 at the CCDOC and not allowed to leave.

Plaintiffs bring claims for: (1) Deprivation of Procedural Due Process of the Fourteenth Amendment via 42 U.S.C. § 1983 (Counts 1 and 2); (2) Illinois state law writ of certiorari (Count 3); (3) Illinois state law declaratory judgment (Count 4); (4) Deprivation of Right to be Free from Unlawful Seizure under the Fourth Amendment via § 42 U.S.C. 1983 (Counts 5 and 6); (5) Indemnification (Count 7); and, (6) a *Monell* procedural due process claim for failure to enact procedural safeguards relating to Plaintiffs' administrative leaves (Count 8). Defendant CCSO and Nicholas Scouffa are the only two defendants who have appeared by counsel in this case, and this Court has set a deadline of March 15, 2024, for the aforementioned defendants to file a responsive pleading. Defendants CCSO and Scouffas intend to move to dismiss all Counts of the Second Amended Complaint asserted against them (Counts I and II against Defendant Scouffas and Counts III, IV and V against the CCSO). Defendants CCSO and Scouffas generally contest Plaintiffs' allegation that Plaintiffs had a protected property interest in employment; instead, by virtue of Plaintiffs' appointment and service in exempt, non-merit rank positions, they may not claim a protected property interest or related administrative protections. As recognized in Plaintiffs' pleading, all relevant times, Plaintiff Drake Carpenter was an Assistant Executive Director for the Cook County Department of Corrections within the CCSO, and Plaintiff Aracelis Gotay was a Director within the CCSO. These are both appointed positions. (¶¶ 17, 18; 20, 21, respectively). Further, Defendants challenge the timelines of the state claims and challenge Plaintiffs contention that the law permits appointees to petition for a *writ of certiori* or a declaratory judgment with regard to their placement on administrative leave. As for their *Monell* claim, by virtue of their appointed

positions, Plaintiffs cannot establish an underlying constitutional violation through either a protected liberty or property interest, and defamation is not an actionable claim under the Constitution.

### III. Status Of Any Settlement Discussions.

Plaintiffs made a settlement demand on January 26, 2024, to counsel for Defendants CCSO and Scouffas, and the aforementioned Defendants are considering it.

### IV. Proposed Discovery And Pretrial Schedule.

The parties propose the following discovery schedule:

(1) Rule 26(a) disclosures no later than April 15, 2024.

(2) Initial written discovery requests to be served no later than May 15, 2024.

(3) Fact discovery completion date October 30, 2024.

(4) The parties ask to hold off on setting an expert discovery schedule at this time and to submit a status report in August 2024 regarding a discovery schedule about any potential experts.

(5) Dispositive motion deadline set for December 10, 2024.

### V. Other Matters To Be Brought To The Court's Attention.

Plaintiffs have filed an unopposed Motion for Leave to File Second Amended Complaint (Dkt. 14). Defendant CCSO advises the Court of the potential that it may seek leave to file documents under seal in light of the pending nature of the confidential investigation referenced in the Second Amended Complaint. For context, prior to Plaintiffs suspensions, a federal criminal investigation, initiated by the CCSO, was launched into this issue, and as recently as December of 2023, remained pending, which delayed furtherance and completion of any administrative investigation into internal employee misconduct.

Respectfully submitted,                    Respectfully submitted,

    */s/ Cass T. Casper*                         */s/ V. Brette Bensinger*
By:_____    By:_____

| | |
|---|---|
| Plaintiffs' Attorney | One of the attorneys for Defendants CCSO and Nicholas Scouffas |

*Cass T. Casper, Esq.*
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
E: ccasper@dispartilaw.com

*V. Brette Bensinger, Esq.*
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
P: (312) 704-3027
E: bbensinger@hinshawlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 2, 2024, he caused to be served a copy of the foregoing document on all counsel of record via this Court's CM/ECF filing system, and that all such counsels are registered e-filers.

By: */s/ Cass T. Casper*
_____

51151\320136595.v1